| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY, COLORADO<br>201 Laporte Ave<br>Fort Collins, CO 80521 | DATE FILED: January 31, 2022 1:14 PM<br>FILING ID: 58170B0F7FCF2<br>CASE NUMBER: 2022CV30071 |
| Plaintiff:<br>**ASHLEY NICOLE EDISON,**<br><br>v.<br><br>Defendants:<br>**MICHAEL MEEKER, ALTENBURG HAULING, INC, CENTRAL MONTANA HAULING, INC, and BROCK ALTENBURG** | <br><br>▲ **COURT USE ONLY** ▲ |
| *Plaintiff's Counsel:*<br>Russell B. Connelly, #49691<br>The Connelly Law Firm, LLC<br>PO Box 271926<br>Fort Collins, Colorado 80527<br>Phone Number: (970) 576-4239<br>Email: russ@theconnellylawfirm.net | Case Number:<br>Division:<br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff, **ASHLEY NICOLE EDISON** by and through undersigned counsel, files her Complaint and Jury Demand against the Defendants. In support thereof, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. The Plaintiff, **ASHLEY NICOLE EDISON** is a resident of Benton, Marshall County, Kentucky who at all times relevant hereto was a resident of Larimer County, Colorado.

2. At all times relevant hereto, Defendant **MICHAEL MEEKER** ("Defendant Meeker"), is an individual whose address, upon information and belief, is PO Box 5076, Kalispell, MT 59903.

3. At all times relevant hereto, Defendants **ALTENBURG HAULING, INC. and CENTRAL MONTANA HAULING, INC.** are companies, both of whose addresses, upon information and belief, is 1216 Husted Rd, Lewistown, MT, 59457.

4. At all times relevant hereto, Defendant **BROCK ALTENBURG** ("Defendant Altenburg") is an individual whose address, upon information and belief, is 1216 Husted Rd, Lewistown, MT 59457.

5. All acts or omissions material to Plaintiff's claims arose in and occurred in Larimer County, State of Colorado.

6. The Court has personal and subject matter jurisdiction over this matter pursuant to C.R.S. §13-1-124(a), (b), and (c).

7. Jurisdiction is proper pursuant to C.R.S. 13-1-124(1); and

8. Pursuant to C.R.C.P. 98(c), venue is proper in that the events described below occurred in Larimer County, Colorado.

## GENERAL ALLEGATIONS

9. Plaintiff incorporates by reference paragraphs 1 through 8 of this complaint.

10. On or about February 1, 2019, at approximately 12:05 PM, Plaintiff was traveling southbound on Forest Service Road 182 in Larimer County, Colorado.

11. At this time, Plaintiff was an on-duty law enforcement officer for the Department of Agriculture. She was driving a marked Chevrolet Tahoe patrol vehicle.

12. At the same time and place, Defendant Meeker was driving a 2011 Dodge Ram 2500 pickup northbound.

13. Forest Service Road 182 is a single-lane dirt road on a grade located near Red Feather, Colorado.

14. At the time of the incident, Forest Service Road 182 was snow packed.

15. The pickup driven by Defendant Meeker was owned by Altenburg Hauling, Inc, Central Montana Hauling, Inc., Brock Altenburg, or some combination of these parties.

16. At the time of the collision, Plaintiff was driving the Tahoe uphill while Defendant Meeker was driving the Dodge Ram downhill.

17. At the time and place set forth above, Plaintiff was rounding a corner on Forest Service Road 182. She was travelling at approximately 15-20 miles per hour. At the same time and place, Defendant Meeker was rounding the same corner at approximately 30-35 miles per hour.

18. Defendant Meeker saw Plaintiff's vehicle and attempted to stop. However, he was unable to stop and the front of his truck collided with the front of Plaintiff's Tahoe.

19. The collision caused severe damage to both vehicles and bodily injury and further damages to Plaintiff.

20. The tort committed, which resulted in bodily injury, future impairment, pain and suffering, and loss of enjoyment of life to Plaintiff, occurred in Larimer County, Colorado.

21. As he was driving downhill on Forest Service Route 182, a one-lane mountain road, Defendant Meeker had a duty to yield to traffic that was driving uphill.

22. Defendant Meeker breached that duty.

23. Defendant Meeker's failure to yield the right-of-way to the vehicle traveling uphill on Forest Service Route 182 was a direct and proximate cause of the subject motor vehicle collision.

24. Defendant Meeker had a duty to operate his vehicle in a safe and prudent manner.

25. Defendant Meeker breached his duty to operate his vehicle in a safe and prudent manner when he collided with Plaintiff's vehicle, as well as when he operated his vehicle at an excessive speed in light of the fact that he was driving on a one-lane, snowpacked mountain road.

26. Defendant Meeker's failure to operate his vehicle in a safe and prudent manner was a direct and proximate cause of the subject motor vehicle collision.

27. Defendant Meeker had a duty to use reasonable care in the operation of his vehicle.

28. Defendant Meeker breached his duty to use reasonable care in the operation of his vehicle when he collided with Plaintiff's vehicle, and when he drove his vehicle at a speed that was excessive in light of the road conditions.

29. Defendant Meeker's failure to use reasonable care in the operation of his vehicle was a direct and proximate cause of the subject motor vehicle collision.

30. Defendant Meeker had a duty to maintain a proper lookout while driving.

31. Defendant Meeker breached his duty to maintain a proper lookout when he crashed into Plaintiff's vehicle.

32. Defendant Meeker's failure to maintain a proper lookout while driving was a direct and proximate cause of the subject motor vehicle collision.

33. Defendant Meeker had a duty to avoid unnecessarily endangering other motorists.

34. Defendant Meeker breached his duty to avoid unnecessarily endangering other motorists when he failed to yield to another vehicle that had the right of way, as well as when he drove his vehicle at a speed that left him unable to maintain control of his vehicle.

35. Defendant Meeker's failure to avoid unnecessarily endangering other motorists was a direct and proximate cause of the subject motor vehicle collision.

36. Defendant Meeker had a duty to avoid driving negligently.

37. Defendant Meeker breached his duty to avoid driving negligently by failing to yield to another vehicle that had the right of way, as well as by failing to drive at a speed that was appropriate given the road conditions and the fact that Forest Service Route 182 is a one-lane road.

38. Defendant Meeker's failure to avoid driving negligently was a direct and proximate cause of the subject motor vehicle collision.

39. Defendant Meeker's driving conduct was negligent.

40. Defendant Meeker's actions were the cause of the subject motor vehicle collision.

41. As a direct, foreseeable, and proximate result of the negligence of Defendant Meeker in this case on February 1, 2019, the Plaintiff has suffered, and will continue to suffer, severe and permanent personal injuries, including but not limited to:

a) Bodily injuries;
b) Past medical expenses;
c) Future medical expenses;
d) Past and future lost wages;
e) Past, present and future pain and suffering;
f) Past, present and future emotional distress;
g) Past, present and future loss of enjoyment of life;
h) Permanent disfigurement;
i) Loss of time;
j) Incidental damages; and,
k) Other injuries and damages not yet determined.

**WHEREFORE**, Plaintiff prays for relief and requests judgment upon all claims for all damages claimed, and such other relief as the Court deems just and proper.

### PLAINTIFF'S FIRST CLAIM FOR RELIEF
### (Negligence as to Defendant Michael Meeker)

42. Plaintiff incorporates by reference paragraphs one through 41.

43. In operating said vehicle in the manner described herein, Defendant breached his duties and was negligent and careless in the following respects:

a) Driving negligently;
b) Driving carelessly;
c) Failing to operate his vehicle in a safe and prudent manner;
d) Failing to keep a proper lookout for other vehicles lawfully traveling on the streets and highways;
e) Failing to avoid unnecessarily endangering other motorists;
f) Failing to use reasonable care in the operation of his vehicle;
g) Generally operating his vehicle in a negligent and careless manner.

44. Defendant's conduct complained of herein constitutes negligence, and as a direct and proximate result of such negligence, Plaintiff has sustained, and continues to suffer damages as more fully set forth herein.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF
### (Negligence *Per Se* as to Defendant Michael Meeker)

45. Plaintiff incorporates Paragraphs 1-44 by reference.

46. On February 1, 2019, Defendant Michael Meeker, while operating said vehicle

described above, violated Colorado state traffic laws, including but not limited to Improper Mountain Driving, pursuant to C.R.S. §42-4-711(2).

47. C.R.S. §42-4-711(2) provides, in pertinent part, as follows:

   *(2)   On narrow mountain highways with turnouts having a grade of six percent or more, ascending vehicles shall have the right-of-way over descending vehicles, except where it is more practicable for the ascending vehicle to return to a turnout.*

48. Plaintiff is within the class of persons (the motoring public) for whom C.R.S. §42-4-711(2) was created and intended to protect.

49. The injuries suffered by Plaintiff are of the type (injuries due to automobile collisions) that C.R.S. §42-4-711(2) was enacted to prevent.

50. Defendant Meeker's driving conduct as complained of herein violated C.R.S. §42-4-711(2), and Defendant was therefore negligent *per se*.

51. On February 1, 2019, Defendant Michael Meeker, while operating said vehicle described above, violated Colorado State traffic laws, including but not limited to Careless Driving, C.R.S. §42-4-1402.

52. C.R.S. §42-4-1402 states in pertinent part:

   *(1)   A person who drives a motor vehicle, bicycle, electrical assisted bicycle, electric scooter, or low-power scooter in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances, is guilty of careless driving.*

53. Plaintiff is within the class of persons (the motoring public) for whom C.R.S. §42-4-1402 was created and intended to protect.

54. The injuries suffered by Plaintiff are of the type (injuries due to automobile collisions) that C.R.S. §42-4-1402 was enacted to prevent.

55. Defendant Meeker's driving conduct as complained of herein violated C.R.S. §42-4-1402, and Defendant was therefore negligent *per se*.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF
(*Respondeat Superior* as to Defendants Altenburg Hauling, Inc. and Central Montana Hauling, Inc.)

56. Plaintiff incorporates Paragraphs 1-55 by reference.

57. Upon information and belief, Defendant Meeker was employed by Defendant Altenburg Hauling, Inc. and/or Defendant Central Montana Hauling, Inc. at the time of the collision.

58. Within the employment relationship, Defendants Altenburg Hauling, Inc. and/or Central Montana Hauling, Inc. had the right to control the details and performance of Defendant Meeker.

59. Defendant Meeker was an agent of Defendants Altenburg Hauling, Inc. and was acting within the course and scope of his employment while operating the 2011 Dodge Ram 2500 belonging to Defendant Altenburg Hauling, Inc. and/or Defendant Central Montana Hauling, Inc.

60. Defendant Meeker was acting in the course and scope of his employment with Defendant Altenburg Hauling, Inc. and/or Central Montana Hauling, Inc. at the time of the subject collision. Therefore, his negligence and negligence *per se* impute to his employer(s), Defendants Altenburg Hauling, Inc. and/or Central Montana Hauling, Inc.

61. As a direct and proximate result of Defendant Meeker's negligence and negligence *per se*, which may be imputed to Defendants Altenburg Hauling, Inc. and/or Central Montana Hauling, Inc. as Defendant Meeker's employer(s), Plaintiff has suffered damages as previously set forth.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF
(Negligent Entrustment as to Defendants Altenburg Hauling, Inc. and Central Montana Hauling, Inc.)

62. Plaintiff incorporates Paragraphs 1-61 by reference.

63. Defendants Altenburg Hauling, Inc. and/or Central Montana Hauling, Inc. were negligent in their entrustment of the subject vehicle to Defendant Meeker.

64. Defendants Altenburg Hauling, Inc and/or Central Montana Hauling, Inc. either knew or should have known that Defendant Meeker was incapable of operating the subject vehicle in a safe and prudent manner.

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF
**(Negligent Entrustment as to Defendant Brock Altenburg)**

65. Plaintiff incorporates Paragraphs 1-64 by reference.

66. Defendant Brock Altenburg was negligent in his entrustment of the subject vehicle to Defendant Meeker.

67. Defendant Altenburg either knew or should have known that Defendant Meeker was incapable of operating the subject vehicle in a safe and prudent manner.

## PLAINTIFF'S SIXTH CLAIM FOR RELIEF
**(Negligent Supervision as to Defendants Altenburg Hauling, Inc. and Central Montana Hauling, Inc.)**

68. Plaintiff incorporates Paragraphs 1-67 by reference.

69. Defendants Altenburg Hauling, Inc. and/or Central Montana Hauling, Inc. failed to supervise Defendant Meeker sufficiently to ensure that he operated the subject vehicle in a safe and prudent manner.

70. According to Defendant Altenburg Hauling's website, they provide "various hauling and construction services in Lewistown, Montana and surrounding areas."

71. At the time of the collision, Defendant Meeker was approximately 600 miles away from Lewistown, MT.

72. At the time of the collision, Defendant Meeker was not being actively supervised by Altenburg Hauling, Inc., Central Montana Hauling, Inc., or any agent or employee thereof.

**WHEREFORE**, Plaintiff requests monetary damages in an amount to fairly and justly compensate her for past and future injuries and damages, plus statutory interest from the date this cause of action accrued, post-judgment interest, and interest as otherwise allowed by Colorado law; court costs; expert witness fees, deposition expenses; attorneys' fees if applicable; and for such other and further relief as the Court deems just and proper.

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES SO TRIABLE.**

DATED: January 31, 2022

THE CONNELLY LAW FIRM, LLC

By:

*/s/ Russell Connelly*
Russell B. Connelly, Esq., #49691

ATTORNEY FOR PLAINTIFF

Plaintiff's address:
252 Salem Chapel Road South
Benton, KY 42025

*This document was filed electronically pursuant to C.R.C.P. § 1-26.*
*The original signed document is on file at the offices of The Connelly Law Firm, LLC*

9